IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DR. JOHN SAMPLES,                                              CV. 06-20-AS

                Plaintiff,                               FINDINGS AND
                                                       RECOMMENDATION

      v.

ELISABETH RAINSBERGER

                Defendant.

ASHMANSKAS, Magistrate Judge:

      Defendant Elizabeth Rainsberger ("Rainsberger") seeks leave to file an amended answer[1](the

"Proposed Answer") adding a counterclaim for intentional infliction of severe emotional distress

("IIED").  Plaintiff Dr. John Samples ("Samples") argues that Rainsberger is unable to state a claim

for IIED and that filing the amended answer is a futile endeavor.  For the reasons set forth below,

---

     [1]Rainsberger submitted a Second Proposed Amended Answer with her reply
memorandum which corrected some of the deficiencies pointed out by Samples in his opposition
brief.  In this opinion, the court considers the Second Proposed Amended Answer to be the
Proposed Answer and has evaluated Samples' additional arguments with regard to the allegations
in that pleading.

the court agree with Samples and recommends denying the motion to file an amended answer.

## Legal Standard

After the initial pleading stage, a party may amend her "pleading only by leave of court or by written consent of the adverse party; and leave shall be given freely when justice so requires." Fed. R. Civ. P. 15(a). The decision whether to grant or deny leave to amend is within the discretion of the District Court. California v. Neville Chemical Co., 358 F.3d 661, 673 (9th Cir. 2003). Leave to amend, however, "is not to be granted automatically." Jackson v. Bank of Hawaii, 902 F.2d 1385, 1387 (9th Cir. 1990). Factors considered in determining whether to grant a motion to amend include bad faith, undue delay, prejudice to the opposing party, futility of the amendment and whether the party has previously amended his pleadings. Bonin v. Calderon 59 F.3d 815, 845 (9th Cir. 1995), cert. denied, 516 U.S. 1051 (1996).

## Discussion

The Proposed Answer alleges that Samples and Rainsberger were involved in an intimate relationship and lived together in Samples' home for a period of time. In March 2002, Samples learned that Rainsberger was pregnant. Rainsberger alleges that soon after learning of her pregnancy, Samples "intentionally engaged in a pattern of voluntary acts that" * * * he knew or should have known * * * would inflict severe emotional distress upon [Rainsberger]." The voluntary acts included: 1) leaving e-mails between Samples and his ex-wife open on the computer in the home indicating that Samples had engaged in intimate relations with his ex-wife on Valentines Day; 2) mentioning that Samples and another doctor had made amateur pornography films of underage girls; 3) evicting Rainsberger from the home while Samples was on a business trip; 4)

demanding that Rainsberger take a DNA test to determine the paternity of the child;[2]  5) refusing

to pay child support and necessary medical expenses for the child;  6) refusing to acknowledge that

Samples is the father of the child;  7)  breaching a settlement agreement requiring Samples to pay

child support and medically necessary expenses, as well as Rainsberger's attorney fees;  8) causing

the police to detain and question Rainsberger after a legal proceeding to enforce the settlement

agreement;  9) filing the instant action to recover damages for Rainsberger's improper use of

Samples' e-mail addresses.

Samples argues that these allegations fail to state a claim for IIED.  In determining the

sufficiency of the allegations, the court will apply the standards applicable to a motion to dismiss

under Fed. R. Civ. P. 12(b)(6).  A motion to dismiss will be denied unless it appears that the plaintiff

can prove no set of facts upon which relief could be granted.  Conley v. Gibson, 355 U.S. 41, 45-46

(1957); Fidelity Financial Corp. v. Federal Home Loan Bank of San Francisco, 792 F.2d 1432, 1435

(9th Cir. 1986).  All material allegations in the complaint must be taken as true and construed in the

light most favorable to plaintiff.  NL Industries, Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986).

"To succeed on a claim for IIED, plaintiff must show that: (1) defendant intended to inflict

severe emotional distress on the plaintiff; (2) defendant's acts did in fact cause the plaintiff to suffer

severe emotional distress; and (3) defendant's acts consisted of 'some extraordinary transgression

of the bounds of socially tolerable conduct.'"  Lewis v. Oregon Beauty Supply Co., 302 Or. 616, 626

(1987) quoting Patton v. J.C. Penney Co., 301 Or. 117, 122 (1986).

Regarding the intent requirement for an IIED claim, the Oregon Supreme Court has stated

that while there is no "purpose" requirement, there must be evidence that the person acted out of a

---

[2]Rainsberger gave birth to a boy in late 2002 and claims that Samples is the father.

desire to inflict emotional distress.  McGanty v. Staudenraus, 321 Or. 532, 550 (1995).  Adopting

the Restatement of Torts definition, the Court explained: "The word 'intent' is used throughout the

Restatement of [Torts] to denote that the actor desires to cause consequences of his act, or that he

believes that the consequences are substantially certain to result from it."  Id.

With regard to the determination of whether specific conduct rises to the level of "an

extraordinary transgression of the bounds of socially tolerable conduct," the Oregon Supreme Court

has held that conduct that is merely "rude, boorish, tyrannical, churlish and mean" does not satisfy

the high standard that defendant's acts must constitute an extraordinary transgression of the bounds

of socially tolerable conduct.  Patton v. J.C. Penney Co., 301 Or. at 124.  The court has stated that

IIED "does not provide recovery for the kind of temporary annoyance or injured feelings that can

result from friction and rudeness among people in day-to-day life even when the intentional conduct

causing plaintiff's distress otherwise qualifies for liability."  Hall v. The May Dep't Stores Co., 292

Or. 131, 135 (1981).

The conduct of which Rainsberger complains is not unusual or out of the ordinary when a

relationship has unraveled and the paternity of a child is at issue.  It appears that the relationship

between the parties was virtually over before Samples learned that Rainsberger was pregnant.

Rainsberger's discovery of private e-mails between Samples and his ex-wife on Samples' computer,

even if it upset her, has no bearing on her IIED claim.  Rainsberger voluntarily violated Samples'

privacy by reading the e-mails and is not entitled to complain about the distress she suffered as a

result of this choice.  Samples' desire to have Rainsberger move out of his house is not unreasonable.

The relationship was over and it appears that Samples wanted to move on.

The fact that Samples wanted Rainsberger to take a paternity test to determine if the child

was his, refused to pay child support and necessary medical expenses for a child whose paternity was at issue, breached a settlement agreement requiring him to pay support, medical expenses and Rainsberger's attorney fees and refused to acknowledge that the child was his is not uncommon. If every father who refused to pay child support and medical expenses for his alleged child was subject to an action for IIED, the courts would be full of mothers seeking additional compensation from these deadbeat dads. Additionally, most of these fathers engage in these acts to avoid the responsibility, financial or otherwise, of raising their offspring. It has little, if anything, to do with inflicting severe emotional distress on the mother of the children.

The brief detention and questioning of Rainsberger by the police does not support a claim for IIED. Downs v. Waremart, Inc., 137 Or.App. 119 (1996). Similarly, the filing of a viable legal action is generally entitled to absolute immunity and is not grounds for an IIED claim. Franson v. Radich, 84 Or.App. 715 (1987). Finally, the court finds it extremely unlikely that Samples' disclosure that he and another doctor made amateur pornographic films of underage girls caused severe emotional distress to Rainsberger, who met Samples while working as a call girl for an escort service.

Samples' alleged conduct, while not exemplary under the circumstances, does not rise to the level of an extraordinary transgression of the bounds of socially tolerable conduct. Even assuming

/ / / / /

/ / / / /

/ / / / /

/ / / / /

/ / / / /

the allegations of the Proposed Answer are true, and construing them in the light most favorable to

Rainsberger, she has failed to allege conduct sufficiently egregious to support her claim for IIED.

Conclusion

Rainsberger's motion (25) to amend her answer should be DENIED.

Scheduling Order

The above Findings and Recommendation will be referred to a United States District Judge for review.  Objections, if any, are due no later than **April 27, 2007**.  If no objections are filed, review of the Findings and Recommendation will go under advisement on that date.

If objections are filed, any party may file a response within fourteen days after the date the objections are filed.  Review of the Findings and Recommendation will go under advisement when the response is due or filed, whichever date is earlier.

DATED this 12th day of April, 2007.

/s/  Donald C. Ashmanskas
DONALD C. ASHMANSKAS
United States Magistrate Judge