IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DR. JOHN SAMPLES,

      Plaintiff,

    v.

ELISABETH RAINSBERGER,

      Defendant.

No. CV 06-20-AS

ORDER ADOPTING MAGISTRATE JUDGE'S
FINDINGS & RECOMMENDATION

**MOSMAN, J.,**

On April 13, 2007, Magistrate Judge Ashmanskas issued Findings and Recommendation ("F&R") (#44) in the above-captioned case recommending that defendant's Motion to File an Amended Answer (#25) be denied. Objections have been filed.

At the outset, it is important to note what this F&R is about, and what it is not about. It is not about the horrors of prostitution, although that may have been the genesis of the relationship between Dr. Samples and Ms. Rainsberger. It is not about the blind eye society turns on the plight of women who are often forced into prostitution. Nor are we asked to judge whether Dr. Samples' relationship with Ms. Rainsberger was founded in coercion and oppression. However it began, there came a time when Dr. Samples decided that he wanted to end his relationship with

PAGE 1 - ORDER

Ms. Rainsberger.

The sole question before us is whether, viewed in a light most favorable to Ms. Rainsberger, her allegations of Dr. Samples' conduct in terminating their relationship state a claim for intentional infliction of emotional distress ("IIED"). The standard is a very high one. As Magistrate Judge Ashmanskas noted, the conduct complained of must rise to the level of "some extraordinary transgression of the bounds of socially tolerable conduct." F&R at 3 (citations omitted). It is possible, therefore, for a man like Dr. Samples to engage in conduct that is shameful, or tyrannical, or mean–conduct that society would rightly condemn in strong terms–and still not have risen to the level of IIED.

Magistrate Judge Ashmanskas point by point analyzed Dr. Samples' alleged conduct and correctly found that it did not rise to the level of IIED. For example, he found the filing of a lawsuit is not grounds for an IIED claim. Typically, such action is entitled to absolute immunity. *See Franson v. Radich*, 735 P.2d 632 (Or. Ct. App. 1987). He also found Ms. Rainsberger's detention and questioning by police does not support a claim for IIED. Dr. Samples' alleged role in initiating police action does not rise to the level of IIED. *See Downs v. Waremart, Inc.*, 903 P.2d 888 (Or. Ct. App. 1995) *rev'd on other grounds*, 926 P.2d 314 (Or. 1996).

The worst allegation Ms. Rainsberger makes is that Dr. Samples told her that he and another doctor had made pornographic films of underage girls. It is almost certainly true, as Ms. Rainsberger contends, that her former work as a "call girl for an escort service" does not make her somehow more accepting of Dr. Samples child pornography than anyone else–that is, she was as troubled by this as anyone else. However, the allegation is that Dr. Samples spoke of making such a video; he is not alleged to have shown it to her or involved her in making it. Nor does it seem he was intending to inflict emotional distress on her with such a comment.

I have reviewed the F&R and the parties' objections and responses under the following standard. The magistrate judge makes only recommendations to me, to which any party may file written objections. I am not bound by the recommendations of the magistrate judge but retain

PAGE 2 - ORDER

responsibility for making the final determination.  I am required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made.  28 U.S.C. § 636(b)(1)(C).  However, I am not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the F&R to which no objections are addressed.  *See Thomas v. Arn*, 474 U.S. 140, 149 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).  While the level of scrutiny under which I am required to review the F&R depends on whether or not objections have been filed, in either case, I am free to accept, reject, or modify any of the magistrate judge's F&R.  28 U.S.C. § 636(b)(1)(C).

Under that standard of review, I adopt the F&R.  Dr. Samples' alleged conduct, while reprehensible, does not rise to the level of extraordinary transgression on the bounds of socially tolerable conduct.

IT IS SO ORDERED.

DATED this  8th  day of June, 2007.

/s/ Michael W. Mosman
MICHAEL W. MOSMAN
United States District Court

PAGE 3 - ORDER