IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DR. JOHN SAMPLES,                                                                    CV. 06-20-AS

                Plaintiff,                                                              FINDINGS AND
                                                                                                    RECOMMENDATION
     v.

ELISABETH RAINSBERGER

                Defendant.

_____

ASHMANSKAS, Magistrate Judge:

    Dr. John Samples ("Plaintiff") filed this action under the Stored Wire and Electronic Communications Act, (18 U.S.C. §§2701, *et. seq.*)(the "Act"), alleging that Elisabeth Rainsberger ("Defendant") accessed one or more of his email accounts without his authority and obtained, altered and prevented him from accessing his emails located in electronic storage. Plaintiff seeks actual damages of approximately $23,500, punitive damages and attorney fees and costs. Plaintiff now moves for summary judgment on the issue of Defendant's liability under the Act.

Background

Plaintiff and Defendant were involved in a romantic relationship that ended badly in June 2002. During the last four months of the relationship, the parties lived together in Plaintiff's house. Shortly before the relationship ended, Plaintiff gave Defendant the password to one of his email accounts. The circumstances surrounding the disclosure of this information is unclear.

In his deposition taken in early January 2007, Plaintiff testified that he didn't "distinctly" recall giving Plaintiff his password. He indicated that he thought he provided her with the password sometime in 2002 in conjunction with something related to the house, like some light utility or painting contractor. He testified that he "certainly never gave her my permission to use the password indiscriminately or get into my email." Samples Depo. at 49-50. In his declaration filed in support of his motion for summary judgment, Plaintiff indicated that:

> Although I provided Ms. Rainsberger with a password while we were living together in 2002, at no time did I give Ms. Rainsberger permission to access any of my email accounts, view emails or addresses within any of my email accounts, send or forward emails from any of my email accounts, change my passwords or contact the individuals in address books within any of my email accounts.

Samples Declaration dated June 1, 2007, at 2. In his second declaration, Plaintiff stated that "at the time I provided Elisabeth Rainsberger with a password to one of my email accounts, the two of us had been specifically discussing my email account at jrsmd2@hotmail.com, and not any other email account." He stated that he did not reveal to Defendant that he used this same password for many of his other email accounts or give her permission to access any of those other email accounts. Samples Declaration dated July 2, 2007, at 1.

At her deposition, which was taken on January 30, 2007, Defendant testified that Plaintiff gave her his password sometime in the spring of 2002 in an attempt to convince her that he was not keeping secrets from her. She later indicated that she was convinced that he retained certain emails

that would upset her in the hopes that she would use his password to access his email accounts and read the offensive emails. Rainsberger Depo. at 90, 107. In her declaration, Defendant indicated that Plaintiff gave her his password after she read an email between Plaintiff and his ex-wife which Plaintiff left intentionally displayed on the home computer. Defendant became very upset and asked Plaintiff for his email password. Defendant felt that "it was clear to the both of us at the time that the purpose of my asking for the password was so I could access his emails. No limitations or restrictions were given to me when he gave me the password." Rainsberger Declaration dated June 20, 2007, at 3.

In June 2002, Plaintiff filed an action in state court to evict Defendant from his house. Shortly thereafter, Plaintiff applied for, and the state court issued, a temporary stalking order against Defendant directing Defendant to "cease and refrain from any contact or any attempt to make contact with [Plaintiff]." Swider Declaration dated July 2, 2007, Exhibit 1. This stalking order was replaced with a stipulated mutual restraining order preventing the parties from entering or coming within 150 feet of the residence or workplace of the other party or from contacting each other in person, by telephone or by email. For the next three years, the parties engaged in litigation over the paternity of Defendant's son and Plaintiff's child support obligation. The majority, if not all, of their communication during this time was through their attorneys.

In late July 2005, Plaintiff became aware that his email accounts were being accessed by a third party and that he was unable to access many of his email accounts. He immediately suspected that Defendant was responsible.

Defendant admits to using Plaintiff's password to access his email accounts from June 2005 to January 2006. Specifically, Defendant admits that she:

1) accessed Plaintiff's email accounts (including accounts named jrsmd2@hotmail.com, jrsmd3@hotmail.com, alleyes00@hotmailcom and glaucoma@gmail.com) and read stored emails beginning in June 2005;

2) forwarded pictures of the parties' son to all of the addresses stored in Plaintiff's email accounts to ensure that "everybody" knew that Plaintiff had a son (Rainsberger Depo. at 133-34);

3) used Plaintiff's email accounts to answer emails sent to Plaintiff from third parties and signed them "Take Care – John";

4) forwarded some of the emails she read in Plaintiff's email accounts to herself and to her attorney beginning in July 2005, including communications between Plaintiff and his attorney; and

5) changed the password on at least one of Plaintiff's email accounts to prevent Plaintiff from accessing his accounts.

Defendant stopped accessing Plaintiff's email accounts shortly after she was served with this lawsuit. She also restored the original password to all of Plaintiff's email accounts by January 26, 2006.

## Legal Standard

Rule 56 of the Federal Rules of Civil Procedure allows the granting of summary judgment:

> if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Fed. R. Civ. P. 56(c). "[T]he requirement is that there be no genuine issue of material fact." Anthes v. Transworld Systems, Inc., 765 F. Supp. 162, 165 (Del. 1991) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986))(emphasis in original).

The movant has the initial burden of establishing that no genuine issue of material fact exists or that a material fact essential to the nonmovant's claim is absent. Celotex v. Catrett, 477 U.S. 317,

322-24 (1986). Once the movant has met its burden, the onus is on the nonmovant to establish that there is a genuine issue of material fact. Id. at 324. In order to meet this burden, the nonmovant "may not rest upon the mere allegations or denials of [its] pleadings," but must instead "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); see Celotex, 477 U.S. at 324.

An issue of fact is material if, under the substantive law of the case, resolution of the factual dispute could affect the outcome of the case. Anderson, 477 U.S. at 248. Factual disputes are genuine if they "properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Id. at 250. On the other hand, if after the court has drawn all reasonable inferences in favor of the nonmoving party, "the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Id. at 249-50 (citations omitted).

At this stage of the litigation, the judge does not weigh conflicting evidence or make credibility determinations. These determinations are the province of the fact finder at trial. Id.; see also Abdul-Jabbar v. Gen. Motors Corp., 85 F.3d 407, 410 (9th Cir. 1996)(on a motion for summary judgment, the court is not to weigh the evidence or determine the truth of the matter, but only determine whether there is a genuine issue for trial). In addition to questions of credibility, a parties intent or state of mind are not matters for the court to decide at summary judgment. Harris v. Itzhaki, 183 F.3d 1043, 1051 (9th Cir. 1999).

## Discussion

Parties are liable under the Act if they intentionally access, without authorization, a facility through which an electronic communication service is provided. 18 U.S.C. §2701(a)(1). Parties who exceed their authority to access such a facility are also liable. 18 U.S.C. §2701(a)(2). The Act

could not be any more clear. The issue of the existence and extent of the parties' authority to access a facility is a material element of a claim under the Act.

While it is evident that Plaintiff gave Defendant the password to at least one of his email accounts, and impliedly authorized her to access that account, the extent of that authority remains a mystery. Plaintiff is unclear about the circumstances surrounding his providing Defendant with his email password. He thinks that it had to do with something related to the home they were then occupying. Later, he specifically stated that, even though he gave Defendant his password, he never gave her permission to access any of his email accounts. It this is true, one has to wonder why he gave her the password in the first place. Defendant, on the other hand, remembers Plaintiff giving her the password after she read an email between Plaintiff and his ex-wife indicating that they had spent Valentine's Day together. She thought that it was clear to both parties that Defendant requested the password to allow her to access Plaintiff's email accounts. She also stated that Plaintiff did not place any limitations or restrictions on her authority to access the accounts.

The evidence before the court raises issues regarding the credibility of both parties as well as Plaintiff's intent in giving Defendant the password to his email accounts. Clearly, genuine issues of material fact exist with regard to the extent of Defendant's authority to access the accounts. These questions must be decided by the ultimate trier of fact. Plaintiff's motion for summary judgment should be denied.

Plaintiff argues that even if Plaintiff had authority to access his email accounts prior to June 2002, the passage of three years and the tumultuous and litigious nature of their relationship during that period make it clear that Defendant knew that she did not have any authority to access the email accounts in July 2005. First, it is virtually impossible to determine what effect these circumstances

had on Defendant's authority in July 2005 when the extent of the authority Defendant possessed in July 2002 is so unclear.  Second, Defendant claims that she thought Plaintiff wanted her to access his emails for purposes of inflicting additional pain on her.  This is consistent with the contentious nature of the relationship during the intervening years.  Finally, as Defendant notes, Plaintiff did nothing to prevent Defendant from continuing to access his email accounts even though he immediately assumed that Defendant was engaging in that activity.  The effect of this failure to act for six months on Defendant's alleged authority to access the email accounts must also be considered.

## Conclusion

Plaintiff's motion (50) for summary judgment should be DENIED.

## Scheduling Order

The above Findings and Recommendation will be referred to a United States District Judge for review.  Objections, if any, are due no later than **August 17, 2007**.  If no objections are filed, review of the Findings and Recommendation will go under advisement on that date.

If objections are filed, any party may file a response within fourteen days after the date the objections are filed.  Review of the Findings and Recommendation will go under advisement when the response is due or filed, whichever date is earlier.

DATED this 2nd day of August, 2007.

      /s/ Donald C. Ashmanskas  
      DONALD C. ASHMANSKAS  
      United States Magistrate Judge