IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DR. JOHN SAMPLES,

            Plaintiff,

    v.

ELISABETH RAINSBERGER

            Defendant.

CV. 06-20-AS

FINDINGS AND
RECOMMENDATION

ASHMANSKAS, Magistrate Judge:

      Presently before the court is the motion for sanctions filed by Dr. John Samples ("Plaintiff"). Plaintiff asserts that the declaration (the "Declaration") offered by Elisabeth Rainsberger ("Defendant") in support of her opposition to Plaintiff's motion for summary judgment consisted primarily of assertions that were not well grounded in fact and were not supportive of any colorable claim or defense asserted by Defendant. Plaintiff also argues that the Declaration was filed for "improper purposes, namely to harass Plaintiff through the publication of embarrassing and baseless

assertions and/or to force an unfavorable settlement on the part of Plaintiff." Pltf's. Motion for Sanctions, Page 2. Plaintiff asks the court to sanction Plaintiff, her legal counsel Sonia Montalbano and the law firm of Elliot, Ostrander & Preston, P.C. Plaintiff does not indicate what sanctions he seeks or feels are appropriate.

## Legal Standard

Fed. R. Civ. P. 11(b) provides, in pertinent part, that:

By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, –

(1) it is not being presented for any improper purpose, such as to harass or cause unnecessary delay or needless increase in the cost of litigation;

(2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;

(3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

Rule 11, therefore, imposes an affirmative duty on the signer to insure that any papers filed are well grounded. See Rachel v. Banana Republic, Inc., 831 F.2d 1503, 1508 (9th Cir. 1987). Sanctions will be imposed under Rule 11 "if either a) the paper is filed for an improper purpose, or b) the paper is 'frivolous.'" Townsend v. Holman Consulting Corp., 929 F.2d 1358, 1362 (9th Cir. 1990) (en banc). A "frivolous" paper is one "that is both baseless and made without a reasonable and competent inquiry." Id.

## Discussion

Page -2- FINDINGS AND RECOMMENDATION                                           {SIB}

assertions and/or to force an unfavorable settlement on the part of Plaintiff." Pltf's. Motion for Sanctions, Page 2. Plaintiff asks the court to sanction Plaintiff, her legal counsel Sonia Montalbano and the law firm of Elliot, Ostrander & Preston, P.C. Plaintiff does not indicate what sanctions he seeks or feels are appropriate.

## Legal Standard

Fed. R. Civ. P. 11(b) provides, in pertinent part, that:

> By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, –
>
> (1) it is not being presented for any improper purpose, such as to harass or cause unnecessary delay or needless increase in the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
>
> (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

Rule 11, therefore, imposes an affirmative duty on the signer to insure that any papers filed are well grounded. See Rachel v. Banana Republic, Inc., 831 F.2d 1503, 1508 (9th Cir. 1987). Sanctions will be imposed under Rule 11 "if either a) the paper is filed for an improper purpose, or b) the paper is 'frivolous.'" Townsend v. Holman Consulting Corp., 929 F.2d 1358, 1362 (9th Cir. 1990) (en banc). A "frivolous" paper is one "that is both baseless and made without a reasonable and competent inquiry." Id.

## Discussion

**Declaration not Well Grounded in Fact**

Plaintiff contends that a number of statements in the Declaration are not well grounded in fact. With the exception of Defendant's denial that a stalking order was issued against her, Plaintiff's sole evidence that the Declaration contained false statements is Plaintiff's declaration in which he states that the offensive statements are not true. If the court were to find that sanctions were appropriate based on this evidence, sanctions could be awarded anytime parties filed contradictory affidavits. In fact, Plaintiff would be just as susceptible to a motion for sanctions as Defendant in light of the fact that the Declaration clearly infers that Plaintiff's declaration is not entirely truthful. The court is not willing to find that the Declaration is not well-grounded in fact based on the evidence currently before the court. Even acknowledging that Defendant's denial of the stalking order was clearly false, the court finds this offense to be relatively minor and not sufficient to warrant an award of monetary sanctions against Defendant or her counsel.

**Declaration Lacks a Colorable Basis in Law**

Plaintiff also argues that the statements contained in the Declaration are not warranted by existing law or a good faith argument for the extension, modification or reversal of existing law. Generally, this section of Rule 11 applies to legal arguments or allegations, not factual statements. Plaintiff contends that Defendant's baseless personal attacks on him have no bearing to the issues before the court and were intended to embarrass and coerce Plaintiff into settling the lawsuit. This argument is more conducive to review under the improper motive standard.

/ / / / /

**Declaration Filed for Improper Purpose**

Plaintiff assert that the Declaration was filed with improper motives. Specifically, Plaintiff

argues that "the nature of the assertions presented in the Rainsberger Declaration, together with the content of certain e-mail messages sent by Defendant to Dr. Sample's family and the content of certain e-mail messages between Defendant's counsel and Plaintiff's counsel, demonstrate that the Rainsberger Declaration was filed for improper purposes, namely to harass Plaintiff through the publication of embarrassing allegations and to force an unfair settlement." Pltf's. Memorandum in Support of his Motion for Sanctions, Page 8.

The Declaration contains various statements about the nature of the parties relationship, including the fact that the relation began with Plaintiff paying Defendant for sexual services. The relationship evolved and Defendant moved in with Plaintiff for a couple of months before the couple split up after Defendant became pregnant. Defendant described ways in which Plaintiff upset Defendant, which included: leaving e-mails between he and his ex-wife open on the computer in the family residence; telling Defendant that he had made amateur pornography films of girls that were underage; evicting Defendant and her daughter from the family residence; and demanding that Defendant take a DNA test to prove their son's paternity. Defendant also described the fighting that went on after the relationship ended, including disputes over child support and the filing of a Stipulated Mutual Restraining Order. Additionally, Defendant describes her use of Plaintiff's e-mail password and her understanding of the internet, search engines and e-mail.

The issue presented by Plaintiff in his motion for summary judgment was whether Defendant violated the Stored Wire and Communications Act. To prevail, Plaintiff had to establish that Defendant acted in the absence of authorization or that she exceeded her authorization. Accordingly, the question of whether Plaintiff consented to Defendant's use of his email accounts by giving her his email password, the extent of that consent and whether Plaintiff, through his

conduct after the relationship ended, ever withdrew or limited his consent, was at issue.

Defendant contends that Plaintiff gave her his email password after she read an email between Plaintiff and his ex-wife that upset her. She felt it was clear that she was asking for the password so that she could access Plaintiff's email accounts. She also considered Plaintiff's subsequent conduct to be additional assurance that he wanted her to access his email accounts in order to upset and hurt her. The parties relationship was undeniably relevant to the extent to which Defendant was authorized to access Plaintiff's emails. The parties contacts after their romantic relationship ended is relevant to the question of whether the consent was subsequently withdrawn or restricted. Finally, the extent to which Defendant understands the mechanics of creating, storing and retrieving email is relevant to the question of whether Defendant intentionally violated the provisions of the Stored Wire and Communications Act.

The only statement that concerns the court is Defendant's representation that Plaintiff told her that he and another doctor made amateur pornographic films of underage girls. This statement is clearly inflammatory and has no relevance to the question of whether Defendant violated the Stored Wire and Communications Act. However, the same statement was included in Defendant's motion to amend her answer and was relevant to the claim for intentional infliction of emotional distress claim. Arguably, any embarrassment or damage to Plaintiff's reputation occurred at that time, when Defendant had a valid reason to make the representation. Defendant's inclusion of the allegations in the Declaration, while not appropriate, does not rise to the level of offensive conduct subject to sanctions under Rule 11.

Plaintiff makes much about the fact that Defendant and her counsel cautioned Plaintiff that if he refused to settle with Defendant, things would get messy. In an email dated August 14, 2005,

to Griff Samples, Defendant stated with regard to her child support battle with Plaintiff that the only way for Plaintiff win was to settle.  "Otherwise, it's just all-out suicide."  In an email to Plaintiff's counsel dated early this year, Defendant's attorney restated a settlement offer and indicated that if Plaintiff did not accept "this is going to be an ugly public battle that is going to hurt your client more than mine." Swider Affidavit, Exhibit 4.  Plaintiff argues that this is evidence that Defendant offered her Declaration for an improper purpose – to force an unfair settlement.

In nearly every lawsuit, the parties jockey for the superior negotiating position by revealing evidence that controverts or weakens the opposing parties arguments.  Some of that evidence, especially in divorce and custody battles, but also in other civil actions, is embarrassing or offensive and something the party would rather not have in the public eye.  However, this tactic does not automatically result in an award of sanctions when the incriminating evidence is ultimately presented to the court.  Additionally, the email from Defendant to Griff Samples predates the filing of this complaint, was related solely to the issue of child support and is not relevant to the issue of

/ / / / /

/ / / / /

/ / / / /

/ / / / /

/ / / / /

/ / / / /

/ / / / /

whether Defendant filed the Declaration in this matter to punish or harass Plaintiff for failing to settle the child support issues.

## Conclusion

Plaintiff's motion (67) for sanctions should be DENIED.

## Scheduling Order

The above Findings and Recommendation will be referred to a United States District Judge for review. Objections, if any, are due no later than **October 9, 2007**. If no objections are filed, review of the Findings and Recommendation will go under advisement on that date.

If objections are filed, any party may file a response within fourteen days after the date the objections are filed. Review of the Findings and Recommendation will go under advisement when the response is due or filed, whichever date is earlier.

DATED this 21st day of September, 2007.

/s/   Donald C. Ashmanskas
DONALD C. ASHMANSKAS
United States Magistrate Judge